F I L E

AUG 26 20

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JOSEPH W. VERRETT, SR.            )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Civil Action No. 3:15CV416–HEH
                                  )
GENERAL MOTORS                    )
AUTOMOTIVE GROUP,                 )
                                  )
        Defendant.                )

## MEMORANDUM OPINION
### (Dismissing Complaint Without Prejudice)

Joseph W. Verrett, Sr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this Complaint against General Motors Automotive Group ("GM"). The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

## I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS

In his Complaint, Verrett alleges:[1]

1. That on or about and throughout the year 2005 to the year 2013, the Defendant was manufacturing and selling automobiles under the company "General Motors" name and brand.
2. That in that same time period, the Plaintiff purchased a GM automobile from a licensed GM dealer, namely Rosenthal Automotive in Arlington, VA.
3. That under such purchase agreement all warranties to such automobile were in place and no waiver of such occurred.
4. That on or about July 5, 2013 while Plaintiff was driving the purchased automobile, a 2006 Chevrolet Cobalt the car/automobile shut off/engine stopped working causing the Plaintiff to strike a guard rail several times.
5. That Chevrolet is a brand under the GM company's ownership and control.
6. That upon striking the guard rail due to loss of control due to the engine stopping, the air bags did not deploy.

---

[1] The Court utilizes the pagination assigned to Verrett's Complaint by the CM/ECF system. The Court corrects the spelling and punctuation in quotations from Verrett's Complaint.

7. That Plaintiff was injured in this accident and was treated for such injuries at Duke University Hospital in North Carolina.

(Compl. 2, ECF No. 1.) Verrett seeks $6 million in damages, as well as "any other relief that the Court deems just." (*Id.* at 8.)

In his Complaint, Verrett raises the following claims against GM:

Claim One:   Negligence

Claim Two:   Fraud

Claim Three: Intentional infliction of emotional distress; and

Claim Four:  Breach of contract.

(*Id.* at 4–7.) The Court properly has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Here, according to Verrett, the parties are domiciles of two different states (Compl. 1), and Verrett seeks $6 million in damages from GM (*id.* at 8). Thus, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## III.   NEGLIGENCE

In Claim One, Verrett asserts a cause of action for negligence against GM. Verrett contends that GM, "as an automotive manufacturer, owed a duty to those who purchase[d] their automobiles that such car[s] will be safe and free of defects which may cause serious injury." (*Id.* at 4.) According to Verrett, GM "breached this duty by producing and selling a car that was defective." (*Id.*) Verrett alleges that GM "directly caused damages and injuries" to him by breaching this duty and selling unsafe cars. (*Id.*)

"The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and, (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danke Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citation omitted). With respect to a breach of a legal duty, "[n]egligence, in law, involves the conception of a duty to act in a certain way toward others, and a violation of that duty by acting otherwise." *RGR, LLC v. Settle*, 764 S.E.2d 8, 16 (Va. 2014) (quoting *Cleveland v. Danville Traction & Power Co.*, 18 S.E.2d 915 (Va. 1942)). Therefore, "[a]n action for negligence only lies where there has been failure to perform some legal duty which the defendant owes to the party injured." *Balderson v. Robertson*, 125 S.E.2d 180, 183 (Va. 1962) (citations omitted) (internal quotation marks omitted). Here, Verrett's Complaint is devoid of facts suggesting that GM owed a legal duty to him, and that GM breached that duty. *See Featherall v. Firestone Tire and Rubber Co.*, 252 S.E.2d 358, 367 (Va. 1979) (concluding that defendant manufacturer had no duty to the plaintiff when "there was no sufficient proof that [the product] was dangerous or that any dangerous condition existed which may have resulted from the manufacture of the piece").

With respect to proximate cause, "[i]n Virginia, an injury is proximately caused by a defendant's negligence if the injury is the natural and probable consequence of the negligence." *Russo v. United States*, 37 F. Supp. 2d 450, 452 (E.D. Va. 1999) (citing *Wyatt v. Chesapeake & Potomac Tel. Co.*, 163 S.E.2d 370 (Va. 1932)). "[T]he concept of proximate cause 'excludes from the scope of liability injuries that are too remote, purely contingent, or indirect[].'" *Manchanda v. Hays Worldwide, LLC*, 142 F. Supp. 3d

465, 470 (E.D. Va. 2015) (alterations in original) (quoting *Wagoner v. Commonwealth*,

756 S.E.2d 165, 175 (Va. Ct. App. 2014)). Here, Verrett has failed to allege facts

suggesting that GM's actions were the proximate cause of his injuries. A problem with a

vehicle can be attributed to numerous causes, including how the vehicle is operated and

maintained by its owner. *Cf. Logan v. Montgomery Ward & Co.*, 219 S.E.2d 685, 687

(Va. 1975) (noting the same for gas ranges).

Verrett's allegation of negligence against GM simply amounts to nothing more

than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Accordingly, Claim One will be dismissed without prejudice.

## IV. FRAUD

In Claim Two, Verrett asserts that GM committed fraud. Specifically, Verrett

contends that GM "through its sales and representations of its car's safety did cause the

plaintiff to rely on such representations and believe that the plaintiff had purchased a safe

and drivable car." (Compl. 5.) Verrett alleges that he relied on these representations "to

his detriment."

In Virginia, the elements of common law fraud are: "'[A] false representation of a

material fact; made intentionally, in the case of actual fraud, or negligently, in the case of

constructive fraud; reliance on that false representation to [plaintiffs] detriment; and

resulting damage.'" *Shuler v. Partner JD*, No. 3:15CV170–HEH, 2015 WL 5020898, at

*4 (E.D. Va. Aug. 20, 2015) (alterations in original) (quoting *Capterton v. A.T. Massey*

*Coal Co.*, 740 S.E.2d 1, 9 (Va. 2013)). Moreover, "[t]he heightened pleading standard of

Fed. R. Civ. P. 9(b) applies" to Verrett's claim for fraud. *Blount v. Greenbrier Pontiac*

*Oldsmobile-GMC Trucks Kia, Inc.*, No. 3:08CV622, 2009 WL 2431587, at *6 (E.D. Va. Aug. 7, 2009). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, Verrett "must plead with particularity the time and place the misrepresentations were made, the contents of those misrepresentations, the identity of the individual making the misrepresentation, what the individual making the misrepresentation gained from making it, and that the aggrieved party reasonably and detrimentally relied on those representations." *Sewraz v. Nguyen*, No. 3:08CV90, 2011 WL 201487, at *8 (E.D. Va. Jan. 20, 2011) (quoting *Scott v. GMAC Mortg, LLC*, No. 3:10CV24, 2010 WL 3340518, at *7 (W.D. Va. Aug. 25, 2010); Fed. R. Civ. P. 9(b)).

Here, Verrett's claim fails to meet the heightened pleading standard of Rule 9(b). Verrett fails to allege any particulars regarding the misrepresentations GM allegedly made concerning the vehicle Verrett purchased. *See Blount*, 2009 WL 2431587, at *6 (finding that the "[p]laintiff has failed to allege with the requisite specificity that [the defendant] intentionally or negligently made a false representation of fact on which Plaintiff relied"); *see also Sewraz*, 2011 WL 201487, at *8. Like his allegation of negligence, Verrett's claim of fraud simply amounts to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Claim Two will be dismissed without prejudice.

## V.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Claim Three, Verrett alleges that GM is liable for intentional infliction of emotional distress. Specifically, Verrett claims that "by causing, through willful and

wanton negligence constituting a complete disregard for the plaintiff's safety, severe and intentional damages and injuries, [GM] did cause intentional emotional distress such as recurrent mental trauma, nightmares, phobias and other mental disorders." (Compl. 6.)

To state a claim for intentional infliction of emotional distress under Virginia law, a plaintiff must allege that "1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007) (citations omitted). "Because the tort of intentional infliction of emotional distress is 'not favored' under Virginia law, a high standard for pleading such a claim exists." *Blount v. Greenbrier Pontiac Oldsmobile-GMC Trucks Kia, Inc.*, No. 3:08CV622, 2009 WL 2431587, at *7 (E.D. Va. Aug. 7, 2009). Thus, an individual "alleging a claim for intentional infliction of emotional distress must allege . . . all facts necessary to establish the cause of action in order to withstand challenge on [a motion to dismiss]." *Almy*, 639 S.E.2d at 187 (citations omitted). As discussed below, Verrett satisfies none of the above elements required to state a claim for intentional infliction of emotional distress with his vague allegations.

Verrett's failure to specifically identify the conduct in which GM allegedly engaged is fatal to his claim for relief. Because of this failure, Verrett has not alleged sufficient facts to meet the first three elements set forth above. First, Verrett fails to suggest that GM's conduct "was intentional or reckless." *Almy*, 639 S.E.2d at 186. The Complaint is simply devoid of facts alleging that GM "engage[d] in conduct for the

specific purpose of causing emotional distress" or acted "recklessly . . . without regard to the risk of causing emotional distress to [Verrett] when [it] knew or could have been expected to know of the risk." *Williams v. Agency, Inc.*, 997 F. Supp. 2d 409, 414 (E.D. Va. 2014) (citations omitted). Second, Verrett fails to allege any conduct by GM that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Almy*, 639 S.E.2d at 187; *see Blount*, 2009 WL 2431587, at *7 (citation omitted). Third, because Verrett has failed to identify GM's conduct, he fails to allege facts that suggest a connection between that conduct and Verrett's resulting distress, as the Complaint is devoid of facts alleging that GM's "outrageous conduct was the actual cause of his distress." *Williams*, 997 F. Supp. 2d at 414 (citation omitted).

Finally, Verrett fails to allege any facts suggesting that the "resulting emotional damage was severe." *Almy*, 639 S.E.2d at 186 (citations omitted). While Verrett does allege that he suffered injuries such as "recurrent mental trauma—nightmares, phobias and other mental disorders," (Compl. 6), these emotional damages do not rise to the requisite level of severity. *See Almy*, 639 S.E.2d at 188 (finding that allegations of professional counseling and incapability of performing work or family responsibilities were insufficient to state a claim for intentional infliction of emotional distress).

While Verrett does allege that GM acted "willful[ly] and wanton[ly]", such "labels and conclusions" are insufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Verrett has not alleged a

plausible claim for intentional infliction of emotional distress by GM, Claim Three will be dismissed without prejudice.

## VI. BREACH OF CONTRACT

In Claim Four, Verrett asserts a breach of contract claim against GM. Verrett contends that he and GM "entered into a written and understood contract when the plaintiff purchased in Virginia an automobile from a licensed dealer of the defendant." (Compl. 7.) Verrett further alleges that GM "default[ed] on this contract by selling to the plaintiff a car it knew to be unsafe and defective." (*Id.*)

"Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation."" *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) (alteration in original) (quoting *Filak v. George*, 594 S.E.2d 610 (Va. 2004)). To survive dismissal, a complaint alleging breach of contract must contain facts supporting each element set forth above. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

Here, Verrett fails to allege the existence of a contract between himself and GM. Instead, he claims that GM was somehow a party to the contract between himself and the licensed dealer where he purchased the vehicle. Verrett simply fails to allege facts plausibly suggesting that GM was a party to a contract with him and the licensed dealer, thereby creating a legally enforceable obligation. *See Salehi v. Wells Fargo Bank, N.A.*, No. 1:11-CV-1323, 2012 WL 2119333, at *4 (E.D. Va. June 11, 2012) (granting a

motion to dismiss a breach of contract claim because the plaintiff's amended complaint "never allege[d] that there [was] a direct contractual relationship between" the plaintiff and defendant).  Moreover, even if a contract somehow existed between Verrett and GM, Verrett has failed to allege how GM breached the contract or that his injury was caused by an alleged breach.[2]  Accordingly, Verrett fails to state a claim for breach of contract. Therefore, Claim Four will be dismissed without prejudice.

## VII.   CONCLUSION

For the foregoing reasons, Verrett's claims will be dismissed without prejudice. The action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 26 2016
Richmond, Virginia

---

[2] Verrett does not allege the purchase price of the vehicle in his Complaint.  The Statute of Frauds and section 8.2–201(1) of the Virginia Code require that for a contract involving an amount greater than $500.00 to be enforceable, "the Plaintiff must produce a writing 'signed by the party against whom enforcement is sought.'" *PC-Expanders Inc. v. Subsystem Techs. Inc.*, No. 110558, 28 Va. Cir. 231, 1992 WL 884721, at *2 (Va. Cir. Ct. June 8, 1992).  The Court doubts that a contract between GM and Verret exists.  Even assuming that such a contract exists, if Verrett purchased the vehicle for more than $500.00, his failure to produce the alleged contract between himself and GM renders it unenforceable in the instant action.